### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| HOWARD TURNER, | § § | |
| Plaintiff, | § § | |
| v. | § § | Civ. Action No. 3:18-CV-02503-E |
| SAMSUNG SDS AMERICA, INC. AND SAMSUNG ELECTRONICS AMERICA, INC., | § § § § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants Samsung SDS America, Inc.'s and Samsung Electronics America, Inc.'s Motion for Summary Judgment (Doc. No. 20). Having considered the motion, the parties' briefing and appendices, and applicable law, the Court concludes the motion should be GRANTED.

### BACKGROUND

In this premises liability case, plaintiff Howard Turner seeks to recover for injuries he allegedly sustained after falling on premises owned and/or operated by defendants Samsung SDS America, Inc. (SDS) and Samsung Electronics America, Inc. (SEA). According to the summary judgment evidence, Turner was a truck driver employed by Covenant Transportation. On October 26, 2016, Turner arrived at the premises to pick up merchandise. He backed his truck into the loading dock, where the truck was "clamped" to the dock. Turner took his paperwork to the receiving office and was asked to provide the license plate number for the truck's trailer. Turner walked toward the rear end of the trailer and encountered a "puddle of moss and algae" about three-feet wide. He "barely touch[ed]" the puddle with his left foot and, as soon as he shifted his weight, fell into the puddle.

SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when a "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED R. CIV. P. 56(a). A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). If a movant demonstrates the absence of a genuine issue of material fact, the nonmovant must set forth specific facts showing a genuine issue for trial. *See* FED R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The court must view the evidence in the light most favorable to the nonmovant and draw all justifiable inferences in the nonmovant's favor. *Environmental Conservation Org. v. City of Dall.*, 529 F.3d 519, 524 (5th Cir. 2008).

ANALYSIS

Defendants first seek summary judgment in favor of SDS because it was not an owner, occupier, or lessor of the premises. In a premises liability case, a defendant can be liable to a third party injured on premises only if the defendant exercises control over the premises. *See City of Denton v. Van Page*, 701 S.W.2d 831, 835 (Tex. 1986). In response to defendants' evidence that SDS was not an owner, occupier, or lessor of the premises, Turner states he is unopposed to dismissing SDS from this action. Accordingly, the Court concludes summary judgment should be GRANTED in favor of SDS.

Defendants also seek summary judgment in favor of SEA on the ground it owed no legal duty to Turner as a matter of law because the puddle was open and obvious and SEA had no actual or constructive notice of the puddle. Turner responds that SEA had a duty to make the premises safe under the "necessary-use exception" because he had no other way to obtain the license plate number and, if the puddle was open and obvious, SEA had notice of it as well.

A landowner's duty to an invitee is to exercise reasonable care to make the landowner's premises safe. *Austin v. Kroger Tex., L.P.*, 465 S.W.3d 193, 202 (Tex. 2015). Specifically, the landowner has a "duty to make safe or warn against any concealed, unreasonably dangerous conditions of which the landowner is, or reasonably should be, aware but the invitee is not." *Id*. at 203. A landowner's general duty to make premises safe does not apply to conditions that are open and obvious or otherwise known to an invitee. *Id*.; *4Front Engineered Solutions, Inc. v. Rosales*, 505 S.W.3d 905, 912 (Tex. 2016) (open and obvious); *Brookshire Grocery Co. v. Goss*, 262 S.W.3d 793, 795 (Tex. 2008) (invitee is aware of hazardous condition).

Here, the summary judgment evidence clearly establishes the puddle was an open and obvious condition known to Turner. Turner, however, contends the necessary-use exception applies, and SEA was obliged to make the premises safe, because Turner had to go through the puddle to get to the license plate. Under the necessary-use exception, a landowner owes a duty to make premises safe, even when the invitee is aware of a risk, when (1) it is necessary that the invitee use the dangerous premises and (2) the landowner should have anticipated that the invitee is unable to take measures to avoid the risk. *Austin*, 465 S.W.3d at 208.

Turner testified "there was no way around the water" to "get to the area" to read the license plate. However, he "may have been able to move [the truck and trailer] forward to not step in the puddle." Turner noted the truck was clamped in place, but acknowledged he could have asked to move it. And, no one at the premises instructed him to step or walk in the puddle.

Turner's own testimony shows he could have moved the truck and trailer in order to avoid walking though the puddle, although it would have been more time-consuming to do so. Accordingly, the Court finds Turner failed to set forth specific facts showing a genuine issue on the applicability of the necessary-use exception. *See Austin*, 465 S.W.3d at 206–08; *e.g., Simpson*

*v. Orange County Building Materials, Inc.*, No. 09-18-00240-CV, 2019 WL 407790, at *5 (Tex. App.—Beaumont Feb.7, 2019, no pet.) ("when the summary judgment evidence established that the plaintiff could have avoided the condition, then the necessary-use exception does not apply, and summary judgment is appropriate"); *compare Parker v. Highland Park, Inc.*, 565 S.W.2d 512, 514–15 (Tex. 1978) (exception applied when facts demonstrated dimly lit staircase with narrow, uneven steps was only means available for plaintiff to exit apartment).  Accordingly, the Court concludes summary judgment should be GRANTED in favor of SEA.[1]

CONCLUSION

SDS and SEA have met their burden of showing an absence of any genuine dispute of material fact on Turner's premises liability claims against them and Turner has failed to raise specific facts showing a genuine issue for trial.  Accordingly, SDS and SEA are entitled to judgement as a matter of law.  Defendants' Motion for Summary Judgment (Doc. No. 20) is **GRANTED** and Turner's claims against SDS and SEA are **DISMISSED with prejudice**.  The Court will enter a final judgment consistent with this order.

**SO ORDERED.**

Signed March 5, 2020.

ADA BROWN
UNITED STATES DISTRICT JUDGE

---

[1] Having concluded SEA owed no legal duty to Turner as a matter of law because the puddle was open and obvious and the necessary-use exception does not apply, the Court does not address defendants' argument regarding SEA's actual or constructive notice of the puddle.